IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

REV. NOLAN McKENZIE,

        Plaintiff,

vs.                           **Case No. 10-2160-RDR**

AAA AUTO FAMILY INSURANCE CO.,

        Defendant.

## MEMORANDUM AND ORDER

This case is before the court upon defendant Auto Club Family Insurance Company's motion to dismiss and plaintiff's motion to strike defendant's notice of removal.

Plaintiff, proceeding *pro se*, filed a petition in the District Court of Johnson County, Kansas on March 4, 2010. The caption of the petition lists AAA Auto Family Insurance Co. of St. Louis, Missouri as the defendant. Bank of America is also referred to as a defendant within the body of the petition. The petition mentions breach of contract with reference to Bank of America. The petition also mentions fraud and theft. In general, the petition complains about the handling of plaintiff's residential mortgage escrow account and about increases in taxes and insurance premiums removed from the account, perhaps caused by an increase in the listed value of plaintiff's home. In one paragraph of the petition, plaintiff complains that he was not allowed to speak with the President or Vice-President of AAA Auto Family Insurance to help resolve his

financial problems.  Plaintiff asks for compensatory damages in excess of $47,760,000.00.

Defendant filed a notice of removal in this court on March 24, 2010.  Thus, the case has been removed from Johnson County District Court to the above-captioned federal court.  Plaintiff has filed a motion to strike the notice of removal.  The motion to strike appears to claim that the notice of removal should be ignored because it does not have a court stamp.  Plaintiff has also supplemented his opposition to removal with a pleading which objects to a change of venue.

Defendant filed a motion to dismiss on March 26, 2010.  Defendant argues that the petition fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to FED.R.CIV.P. 12(b)(6).  Defendant also argues that plaintiff has failed to identify or name a proper party because "AAA Auto Family Insurance Co." is not a legal entity.  Instead, defendant should be listed as "Auto Club Family Insurance Co."

Plaintiff appears pro se.  Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  If plaintiff's petition can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.  Id.  However, it is not "the proper

2

function of the district court to assume the role of advocate for the pro se litigant." Id. For that reason, the court shall not supply additional factual allegations to round out a plaintiff's claims or construct a legal theory on his behalf. See Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Motion to strike

The court shall deny plaintiff's motion to strike the notice of removal. Defendant has a statutory right to remove the case plaintiff filed in the Johnson County state district court to federal court pursuant to 28 U.S.C. § 1441. This statute provides:

> Except has otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a). Plaintiff is a Kansas citizen suing a Missouri corporation. Therefore, this federal court has original jurisdiction over this matter under 28 U.S.C. § 1332 which provides for federal court jurisdiction over lawsuits between citizens of different states. Defendant's notice of removal was timely and properly filed in this court under the provisions of 28 U.S.C. § 1446 which directs that a notice of removal be filed within 30 days of the receipt of service of plaintiff's initial pleading.

Contrary to plaintiff's supplemental pleading, the law governing change of venue does not apply here. The law regarding

a change of venue may apply when a court is considering transferring a case from one state court to another state court or transferring a case from one federal court to another federal court. It does not apply to the removal of a case from state court to federal court.

Plaintiff's motion to strike shall be denied.

Motion to dismiss

When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded factual allegations as true, but also considers whether those allegations "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint does not state a claim for relief if "it tenders naked assertions devoid of further factual enhancement." Id. at 1949 (interior quotation omitted). But, dismissal is inappropriate where the complaint contains "enough facts to state a claim to relief that is plausible on it face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Federal Rules of Civil Procedure require all plaintiffs to make a "short and plain statement" of their claims showing that they are "entitled to relief." FED.R.CIV.P. 8(a)(2). Rule 8 reflects "the twin purposes" of giving the opposing party fair notice of the claims against it and of giving the court a fair basis from which to conclude whether, if the allegations are proven, the plaintiff would be entitled to relief. Debardeleben v. Pugh, 85 Fed.Appx.

4

142, 145 (10th Cir. 2004) (citing Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir. 1989)).

Defendant makes two arguments in the motion to dismiss. One of defendant's arguments is that plaintiff has not named the defendant correctly and, therefore, the court lacks personal jurisdiction over defendant. We agree that plaintiff has misidentified defendant. However, defendant does not claim that it is the wrong party or that it was denied notice of the lawsuit. Under these circumstances it is appropriate to permit a plaintiff to amend the complaint to properly name the defendant. See 4B Wright & Miller, Federal Practice & Procedure § 1131 (2002); Smith v. Boyer, 442 F.Supp. 62, 63-64 (C.D.N.Y. 1977); Sloan v. Overton, 2010 WL 398108 (D.Kan. 2010) (incorrectly naming a party in the complaint does not cause a lack of personal jurisdiction).

Defendant also argues that plaintiff has failed to state a valid cause of action against defendant. Defendant argues that plaintiff bases his claim against defendant upon the allegation that defendant had a legal obligation to allow plaintiff to speak to "higher-ups" within the company regarding his "financial problems." We agree with defendant that, contrary to plaintiff's charge in the petition, there is no "'legal right' for consumers to speak with a higher-up employee who should be able to resolve the 'financial problems.'"

5

However, this may not be plaintiff's only claim against defendant. The difficulty is that plaintiff's petition is too rambling, vague and ambiguous for the court to decipher the nature and basis of plaintiff's claims.

Accordingly, the court shall grant plaintiff leave to amend the petition to more plainly state the legal and factual basis for plaintiff's claims against defendant. <u>Hall</u>, 935 F.2d at 1110 n.3 (pro se litigants should be given a reasonable opportunity to remedy the defects in their pleadings). Plaintiff should also amend the caption of the complaint to list defendant as "Auto Club Family Insurance Company." Plaintiff shall be granted time until May 28, 2010 to file an amended complaint. If an amended complaint is not filed by the time specified, the court shall dismiss this case with prejudice.

<u>Conclusion</u>

In conclusion, plaintiff's motion to strike is denied. Defendant's motion to dismiss is granted against any claim that plaintiff had a legal right to speak to defendant's "higher-ups." Otherwise, final action upon defendant's motion to dismiss is deferred until after May 28, 2010. Plaintiff is directed to file an amended petition which more plainly states the legal and factual basis for plaintiff's claims against defendant. Plaintiff must do so by May 28, 2010. If no amended petition is filed, the court shall dismiss this case with prejudice.

**IT IS SO ORDERED.**

Dated this 5th day of May, 2010 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge