# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**NOLAN McKENZIE,**
**Reverend,**

          **Plaintiff,**

                                                            **CIVIL ACTION**

v.

                                                          Case No. 10-2160-KHV-DJW

**AAA AUTO FAMILY INSURANCE**
**CO., et al.,**

          **Defendants.**

## ORDER

Pending before the Court are the following motions filed by *pro se* Plaintiff: (1) "Counsel Brown Fails to Adhere to Jurisdiction and Venue" (doc. 35), (2) "Plaintiff's File a Frivolous Pleading With the Default Judgment as a Notice Was Served, Including a Summons to Bank of America by District Court's Office of Johnson County Court May the Court Strike All of Defendants' Pleadings" (doc. 36), and (3) "Plaintiff Motion to Strike Bank of America's Opposition to Plaintiff's Motion for Default" (doc. 43). For the reasons set forth below, each of these motions is denied.

    **1.**     **"Counsel Brown Fails to Adhere to Jurisdiction and Venue" (doc. 35)**

In his first motion, titled "Counsel Brown Fails to Adhere to Jurisdiction and Venue," Plaintiff asks the Court to acknowledge that "counsel Brown" does not work out of a local business office. Pamela Brown is counsel of record for Defendant AAA Auto Family Insurance Co. and Auto Club Family Insurance Co., and she has identified her address as 3245 Broadway, Kansas City, Missouri 64111. Plaintiff claims that the "U.S. postal office has advised the Plaintiff that counsel Brown has no such office at 3245 Broadway, city of Kansas City and the state of Kansas." Plaintiff thus argues that "counsel Brown is within the wrong jurisdiction and venue." Plaintiff therefore requests that "counsel Brown's pleadings become stricken." Plaintiff then goes on to make

numerous statements and claims about damages he has incurred. Plaintiff concludes by asking the Court to award damages against Pamela Brown for "falsified representation against the plaintiff."

Defendant Auto Club Family Insurance Co. filed a response to Plaintiff's motion, stating that its counsel, Pamela Brown, is a member in good standing of the Missouri and Kansas State and Federal Bars and that her mailing address is registered with the Court and has not changed since the filing of this litigation. Defendant further states that its counsel Pamela Brown has received and responded to each and every filing of Plaintiff and has received mailings, facsimiles, and emails from Plaintiff.

The Court has considered the parties' arguments, and concludes that Plaintiff's motion should be denied. Upon review of Plaintiff's own motion, it appears that Plaintiff is confused about whether Pamela Brown's office is located in Kansas or Missouri. Plaintiff states in his pleading that the U.S. Post Office informed Plaintiff that Pamela Brown does not have an office at 3245 Broadway, Kansas City, *Kansas*. However, Ms. Brown's address on the docket is 3245 Broadway, Kansas City, *Missouri*, and the Court has no reason to believe that this address is incorrect. Even if Ms. Brown's address was incorrect, the remedy would not be to award damages against Ms. Brown in favor of Plaintiff or to strike all of Defendant's pleadings. The Court therefore denies Plaintiff's motion titled, "Counsel Brown Fails to Adhere to Jurisdiction and Venue."

**2.     "Plaintiff's File a Frivolous Pleading With the Default Judgment as a Notice Was Served, Including a Summons to Bank of America by District Court's Office of Johnson County Court May the Court Strike All of Defendants' Pleadings" (doc. 36)**

In his second motion, titled, "Plaintiff's File a Frivolous Pleading With the Default Judgment as a Notice Was Served, Including a Summons to Bank of America by District Court's Office of Johnson County Court May the Court Strike All of Defendants' Pleadings" (doc. 36), it is entirely unclear what Plaintiff wants from the Court. In the last paragraph of this motion, Plaintiff states,

2

"Wherefore, Reverend Nolan McKenzie, Plaintiff Pro Se, for his cause of action that against the defendants and law firms of this Plaintiff's pleadings to stay the Plaintiff's pleadings within its entirety. If this case was opened the defendant Brown filed it in the wrong region." To the extent that Plaintiff is seeking to stay this matter, the motion is denied. Plaintiff has not provided a sufficient reason to stay this case. To the extent that Plaintiff's is seeking any other relief, the motion is denied because the Court simply cannot determine what relief Plaintiff is seeking.

3. **"Plaintiff Motion to Strike Bank of America's Opposition to Plaintiff's Motion for Default" (doc. 43)**

In his third motion, titled "Plaintiff Motion to Strike Bank of America's Opposition to Plaintiff's Motion for Default" (doc. 43), Plaintiff asks the Court to strike all of Defendant Bank of America's pleadings. The Court has reviewed the motion, and concludes that Plaintiff has not stated a sufficient reason for striking all of Defendant Bank of America's pleadings. The Court therefore denies the motion.

4. **Conclusion**

Having reviewed *pro se* Plaintiff's numerous pleadings, the Court feels compelled to warn Plaintiff that Fed. R. Civ. P. 11 is applicable to *pro se* litigants and that if Plaintiff does not follow Fed. R. Civ. P. 11, he may incur sanctions ordered by this Court. Under Fed. R. Civ. P. 11(b),

> By presenting to the court a pleading, written motion, or other paper . . an []
> unrepresented party certifies that to the best of the person's knowledge, information,
> and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified,
> will likely have evidentiary support after a reasonable opportunity for further
> investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[1]

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule."[2] The sanctions imposed by the court for a Rule 11(b) violation "may include nonmonetary directives; [or] an order to pay a penalty into court."[3]

The Court advises Plaintiff that he should comply with Fed. R. Civ. P. 11 and that future pleadings or motions which violate Fed. R. Civ. P. 11 may result in sanctions against Plaintiff.

**IT IS THEREFORE ORDERED** that "Counsel Brown Fails to Adhere to Jurisdiction and Venue" (doc. 35) is denied.

**IT IS FURTHER ORDERED** that "Plaintiff's File a Frivolous Pleading With the Default Judgment as a Notice Was Served, Including a Summons to Bank of America by District Court's Office of Johnson County Court May the Court Strike All of Defendants' Pleadings" (doc. 36) is denied.

**IT IS FURTHER ORDERED** that "Plaintiff Motion to Strike Bank of America's Opposition to Plaintiff's Motion for Default" (doc. 43) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of August 2010.

                                             s/ David J. Waxse
                                             David J. Waxse
                                             U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

---

[1] Fed. R. Civ. P. 11(b).

[2] Fed. R. Civ. P. 11(c)(1).

[3] Fed. R. Civ. P. 11(c)(4).