# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NOLAN McKENZIE, Reverend,          ) | |
|                       ) | |
|           **Plaintiff,**      ) | |
|                       ) | **CIVIL ACTION** |
| **v.**                                 ) | |
|                       ) | **Case No. 10-2160-KHV** |
| **AAA AUTO FAMILY INSURANCE CO., et al.,**   ) | |
|                       ) | |
|          **Defendants.**     ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

       Reverend Nolan McKenzie brings suit pro se against Auto Club Family Insurance Company

("Auto Club") and Bank of America, Inc., for fraud and unauthorized automatic bank withdrawals

for principal, interest and escrow account deposits. See Plaintiff's Amendment To Petition

(Doc. #14) filed May 11, 2010.[1] This matter comes before the Court on Defendant's Motion To

Dismiss And Memorandum In Support Of Motion To Dismiss (Doc. #8) which Auto Club filed

March 26, 2010; Defendant's Motion To Dismiss Plaintiff's Petition And Amendment To Petition

And Suggestions In Support (Doc. #18) which Auto Club filed May 19, 2010; the Motion For

Judgment (Doc. #22) which plaintiff filed June 10, 2010; an untitled document (Doc. #25) which

plaintiff filed July 7, 2010, which the Court construes as a motion for default judgment; Bank Of

America's Motion To Dismiss Plaintiff's Petition (Doc. #28) filed July 16, 2010; the Request For

Default Judgment (Doc. #31) which plaintiff filed July 20, 2010; the Response To Plaintiff's

---

[1]     Bank of America asserts that plaintiff has incorrectly identified it as a corporation
instead of a national association. See Bank Of America's Motion To Dismiss Plaintiff's Petition
(Doc. #28) filed July 16, 2010 at 3 n.1.
     Plaintiff originally named AAA Auto Family Insurance Company instead of Auto Club
Family Insurance Company. See Petition attached to Notice Of Removal (Doc. #1). On May 5,
2010, the Court granted plaintiff leave to amend the complaint to name Auto Club Family Insurance
Company as defendant. See Memorandum And Order (Doc. #13) at 5.

"Pleadings" And Request For Sanctions ("Auto Club Request For Sanctions") (Doc. #39) which Auto Club filed July 27, 2010; the Motion Of Suppression Of Evidence (Doc. #52) which plaintiff filed August 9, 2010; the Motion To Request Court Grant Relief And Rulings (Doc. #56) which plaintiff filed August 17, 2010; and the letter from plaintiff dated August 27, 2010, which the Court construes as a motion for relief and ruling (Doc. #57) filed August 30, 2010.

## Background

On or about March 8, 2010, plaintiff filed suit against AAA Auto Family Insurance Company ("AAA Auto") in the District Court of Johnson County, Kansas. See Petition attached to Notice Of Removal (Doc. #1) filed March 24, 2010. In the petition, plaintiff asserted that with regard to his homeowner insurance policy, AAA Auto had overvalued his house and refused to let him speak with its president and/or vice president.[2] See id. at 2-4.

On March 24, 2010, Auto Club filed a notice of removal to this Court. See Doc. #1.[3]

On March 26, 2010, Auto Club filed a motion to dismiss plaintiff's claims. See Doc. #8. In the motion, Auto Club asserted that plaintiff had incorrectly identified it as AAA Auto instead of Auto Club, and that plaintiff failed to state a claim on which relief could be granted. See id. at 2-3.

On May 5, 2010, the Court entered an order which found that plaintiff had named the wrong

---

[2]     Plaintiff also alleged that Bank of America had mishandled his mortgage escrow account, see Petition attached to Notice Of Removal (Doc. #1) filed March 24, 2010 at 2-5, but he did not name Bank of America as defendant. See id. at 1.

[3]     In the notice of removal, Auto Club stated that plaintiff had incorrectly identified it as AAA Auto. See Doc. #1.

defendant and did not state a valid claim.  <u>See</u> Doc. #13 at 5.[4]  The Court granted plaintiff leave to file an amended complaint which named the correct defendant and more plainly stated the legal and factual basis for his claims.  <u>See</u> <u>id.</u> at 6.

On May 11, 2010, plaintiff filed an amended complaint against Auto Club and Bank of America.  <u>See</u> Doc. #15.[5]  In the amended complaint, plaintiff alleges that defendants engaged in a fraudulent scheme to collect additional payments regarding his mortgage escrow account.  <u>See</u> <u>id.</u> ¶¶ 5-8.  Plaintiff also alleges that Bank of America harassed him and sent threatening letters.  <u>See</u> <u>id.</u> ¶ 9.[6]

On May 18, 2010, Auto Club filed a motion to dismiss plaintiff's claims.  <u>See</u> Doc. #18.  In support of the motion, Auto Club asserts that the amended complaint fails to state a claim upon which relief can be granted.

On June 10, 2010, plaintiff filed a motion for judgment based on evidence attached to his petition.  <u>See</u> Doc. #22.

On July 7, 2010, plaintiff filed a motion for default judgment against Auto Club and Bank of America because they have not responded to his claims.  <u>See</u> Doc. #25.

---

[4]        Judge Richard D. Rogers entered the order of May 5, 2010.  <u>See</u> Doc. #13.  On May 12, 2010, Judge Rogers recused and the case was assigned to the undersigned judge.  <u>See</u> Doc. #17.

[5]        The amended complaint is captioned "<u>Plaintiff's Amendment To Petition</u>."  Doc. #15.

[6]        Paragraph 9 states as follows:

Defendant alleges that he was illegally and inappropriately harassed and upset by threatening letters sent by Defendant Bank of America as a result of their reckless misrepresentation.

<u>See</u> Doc. #15 ¶ 9.  Based on context, it appears that the first word "Defendant" should be "Plaintiff."

On July 16, 2010, Bank of America filed a motion to dismiss plaintiff's claims. <u>See</u> Doc. #28. In support of the motion, Bank of America asserts that plaintiff has not effected sufficient service of process and fails to state a valid claim against it. <u>See id.</u> at 4-6.

On July 20, 2010, plaintiff filed a motion for default judgment. <u>See</u> Doc. #31.[7]

On July 26, 2010, plaintiff filed a motion seeking to disqualify counsel for Auto Club, Pamela W. Brown, on grounds that she maintains an office in St. Louis, Missouri, outside the jurisdiction of this Court. <u>See</u> Doc. #35.

On the same date, plaintiff filed an incoherent pleading captioned "<u>Plaintiff's File A Frivolous Pleading With The Default Judgment As A Notice Was Served, Including A Summons To Bank Of America By District Court's Office Of Johnson County Court May The Court Strike All Of Defendants' Pleadings.</u>" Doc. #36.

On the same date, plaintiff filed a "motion to amend Bank of America and dismiss Bank of American [sic] for failure to respond." Doc. #37.[8]

On the same date, plaintiff filed an "addendum" to his motions for default judgment against both defendants. <u>See</u> Doc. #38. In the addendum, plaintiff states that defendants failed to respond to his settlement offer. <u>See id.</u>

On July 27, 2010, in response to plaintiffs' filings, Auto Club requested that the Court assess sanctions against plaintiff for filing frivolous pleadings. <u>See</u> Doc. #39.

---

[7] The motion does not specify the defendants against which plaintiff seeks default judgment.

[8] On July 27, 2010, Magistrate Judge David J. Waxse found that because plaintiff did not provide a copy of his proposed amendment, his motion did not comply with the requirements of D. Kan. Rule 15.1. <u>See</u> Doc. #40. Judge Waxse therefore overruled without prejudice the motion to amend. <u>See id.</u>

4

On July 29, 2010, plaintiff filed an amended complaint which purports to assert claims against new defendants, Pamela W. Brown and Bryan Cave LLP. <u>See</u> Doc. #42.

On July 30, 2010, plaintiff filed a motion to strike Bank of America's opposition to his motion for default.

On August 3, 2010, Auto Club and Bank of America filed motions to strike the amended complaint which plaintiff filed on July 29, 2010. <u>See</u> Docs. #44 and #45.

On August 5, 2010, plaintiff filed a motion for leave to amend the complaint. <u>See</u> Doc. #48.[9]

On August 9, 2010, Judge Waxse sustained defendants' motions to strike the amended complaint which plaintiff had filed on July 29, 2010. <u>See</u> Doc. #50.[10] On the same date, Judge Waxse entered an order which, <u>inter alia</u>, overruled plaintiffs' motion to disqualify counsel for Auto Club (Doc. #35) and the incoherent motion which plaintiff filed July 26, 2010 (Doc. #36). <u>See</u> Doc. #51 filed August 9, 2010. In the order, Judge Waxse advised plaintiff that his filings are subject to Rule 11, Fed. R. Civ. P., and that if after notice and a reasonable opportunity to be heard, the Court determines that a party has violated the rule, it may impose appropriate sanctions. <u>See</u> <u>id.</u> at 3-4.

On August 9, 2010, plaintiff filed a motion to suppress evidence. <u>See</u> Doc. #52.

On August 10, 2010, Bank of America filed a motion to strike plaintiff's motion for leave to file an amended complaint, arguing that the motion is "incoherent, immaterial, impertinent and

---

[9] The Court has referred the motion to Judge Waxse and it remains pending before him.

[10] Judge Waxse found that pursuant to Rule 15(a)(2), plaintiff could amend the complaint only with written consent from the opposing parties or leave from the Court, and that plaintiff had obtained neither. <u>See</u> Doc. #50.

redundant to filings already filed with this Court." Doc. #53.[11]

On August 11, 2010, Auto Club moved to strike plaintiff's motion to amend the complaint for the same reasons stated by Bank of America in its motion of August 10, 2010. <u>See</u> Doc. #55.[12]

On August 17, 2010, plaintiff filed a motion "to request court grant relief and rulings" against defendants. Doc. #56.

## I. Defendant's Motion To Dismiss And Memorandum In Support Of Motion To Dismiss (Doc. #8) filed March 26, 2010.

Auto Club seeks to dismiss the original petition which plaintiff filed in state court. <u>See</u> Doc. #8. As noted, on May 5, 2010, Judge Rogers granted plaintiff leave to file an amended complaint. <u>See</u> Doc. #13. On May 11, 2010, plaintiff filed an amended complaint. <u>See</u> Doc. #15. In light of the amended complaint, Auto Club's motion to dismiss plaintiff's original petition is overruled as moot.

## II. Defendant's Motion To Dismiss Plaintiff's Petition And Amendment To Petition And Suggestions In Support (Doc. #18) filed May 19, 2010.

Auto Club seeks to dismiss plaintiff's amended complaint on the ground that it does not state a claim on which relief can be granted. <u>See</u> Doc. #18. Specifically, Auto Club contends that plaintiff has not alleged facts sufficient to state a claim for fraudulent breach of trust or other claims arising out of the alleged mishandling of his escrow account. <u>See</u> Doc. #18 at 3-6.

### A. Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise

---

[11] The Court has referred the motion to Judge Waxse and it remains pending before him.

[12] The Court has referred the motion to Judge Waxse and it remains pending before him.

to an entitlement of relief. <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. <u>Id.</u>; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court determines whether the specific allegations in the complaint plausibly support a legal claim for relief. <u>Kay v. Bemis</u>, 500 F.3d 1214, 1218 (10th Cir. 2007). Rather than deciding whether a claim is "improbable," the Court determines whether the factual allegations in the complaint sufficiently raise a right to relief above the speculative level. <u>See id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556)). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. <u>Iqbal</u>, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. <u>See id.</u>; <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. <u>Twombly</u>, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. <u>Iqbal</u>, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. <u>Id.</u> Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" –

that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d. Cir. 2008)).

In this case, because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, plaintiff must follow the same rules of procedure which govern other litigants. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). The Court does not assume the role of advocate for a pro se litigant. See id.

### B. Plaintiff's Allegations

In the amended complaint, plaintiff alleges the following facts.

Bank of America holds a mortgage on plaintiff's property at 11614 Foster Street in Overland Park, Kansas. See Doc. #15 at 1, ¶ 2.[13] Plaintiff makes monthly payments to Bank of America for principal, interest and escrow account deposits via automatic electronic withdrawals from his checking account. See id. ¶ 2. Plaintiff has always maintained sufficient funds to cover the monthly withdrawals. See id. ¶ 3.

From 2003 to 2009, Auto Club provided plaintiff homeowner insurance. See id. ¶ 1.

In a fraudulent scheme to collect additional homeowner insurance premiums, Auto Club claimed that plaintiff's house was worth $567,000. See id. ¶ 6. In fact, plaintiff's house is worth $235,000. See id. ¶ 6. Auto Club demanded from Bank of America unauthorized and unnecessary

---

[13]     Plaintiff does not allege the amount or date of the mortgage.

payments from plaintiff's escrow account.  See id. ¶ 8.  Auto Club did not advise plaintiff that it would collect increased insurance premium payments or other payments from his escrow account.  See id. ¶ 7.[14]  Bank of America paid the additional sums and in doing so, mismanaged plaintiff's escrow account.  See id. ¶ 8.  Defendants did not notify plaintiff of the additional payments.  See id. ¶ 8.

During the fraudulent scheme, plaintiff's monthly mortgage payment increased by $63 – from $1,700 per month to $1,763 per month – to cover increased insurance and tax payments.  See id. ¶ 8.  In addition to the additional $63 per month, Bank of America withdrew from plaintiff's checking account additional funds to cover escrow deposit shortages caused by Auto Club's collection of additional unauthorized homeowner insurance premiums.  See id. ¶¶ 5, 8.

In January of 2010, Bank of America notified plaintiff that it intended to foreclose the mortgage because the escrow account had a negative balance of more than $6,000.  See id. ¶ 5.  Prior to that time, plaintiff had not received notice of any problems with his mortgage payments or escrow deposit account.  See id. ¶ 4.  Plaintiff later learned that Bank of America had overdrawn his escrow account to make unauthorized payments to Auto Club for excessive homeowner insurance premiums.  See id. ¶¶ 1, 5.  Bank of America stated that it paid the additional funds in response to a telephone request by Auto Club.  See id.  Bank of America had no physical record of a request for additional payments to Auto Club.  See id.  Defendants did not advise or request authority from plaintiff to pay additional escrow account monies to Auto Club.  See id. ¶ 6.

---

[14]    Plaintiff is a paraplegic.  See Doc. #15 ¶ 8.  During the fraudulent scheme, plaintiff was ill and in the hospital.  See id. ¶ 8.  Plaintiff does not allege the dates of his hospitalization or the fraudulent scheme.

Bank of America harassed plaintiff by sending threatening letters.  See id. ¶ 9.

Plaintiff claims that defendants are liable for fraudulent breach of trust, misrepresentation and unconscionable dealing in contracts.  See id. ¶¶ 7, 8, 10.  Plaintiff seeks damages in excess of $47,760,000.  See id. ¶ 11.[15]

## C.    Analysis

Auto Club asserts that plaintiff does not state a valid claim against it.  Specifically, Auto Club asserts that plaintiff's claims arise out of the mishandling of his mortgage escrow deposit account and automatic bank withdrawals by Bank of America.  See Doc. #18 at 2.  Auto Club asserts that plaintiff's claims are against the holder of his escrow account, i.e. Bank of America, and not it. See id. at 2-3.  Auto Club asserts that the *only* statements which involve Auto Club are assertions that (1) Auto Club provided plaintiff's homeowner insurance, (2) Auto Club claimed that plaintiff's house was worth $567,000, which resulted in additional homeowner insurance premiums and (3) Auto Club did not advise plaintiff that increased premiums or other payments would be deducted from his escrow account.  See Doc.#18 at 2-3 (quoting paragraphs 5-7 of amended complaint, doc.#15).

Auto Club asserts that plaintiff has not alleged facts which support a claim for breach of trust against it.  Specifically, Auto Club asserts that to allege breach of trust against it, plaintiff must allege that Auto Club was the trustee of his trust account.  See Doc. #18 at 4.  The Court disagrees. Kansas law recognizes that a third party may be liable for participating in a breach of trust if it (1) commits an act or omission which furthers or completes a breach of trust by the trustee and (2) knows at the time that the transaction amounts to a breach of trust.  See KPERS v. Kutak Rock, 273

---

[15]    Plaintiff also states that the government should charge defendants with felony crimes. See Doc. #15 ¶ 11.

Kan. 481, 495, 44 P.3d 407, 416-17 (2002); <u>Gillespie v. Seymour</u>, 19 Kan. App.2d 754, 765, 876 P.2d 193, 201-02 (1994). Thus, to assert a breach of trust against Auto Club, plaintiff need not allege that Auto Club was the trustee of his trust account.

Accepting as true plaintiff's factual allegations, they state a plausible claim for breach of trust against Auto Club. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1950. Plaintiff alleges that Auto Club overvalued his house and asked Bank of America to pay out of his mortgage escrow deposit account additional premiums which plaintiff did not authorize and which Auto Club did not disclose to plaintiff. <u>See</u> Doc. #15 ¶¶ 5-8. Plaintiff alleges that Bank of America was the trustee of his mortgage escrow deposit account. <u>See</u> Doc. #15 ¶ 7 (Bank of America had fiduciary duty to manage escrow account). As trustee, Bank of America would have a duty to administer the account "with such care and skill as a man of ordinary prudence would exercise in dealing with his own property" and "solely in the interest of the beneficiary." <u>Gillespie</u>, 19 Kan. App.2d at 766-67, 876 P.2d at 202. Therefore, even if Auto Club was not the trustee of the escrow deposit account, it could be held liable for participating in a breach of trust if it knowingly caused or assisted Bank of America to breach its trustee duties.[16] <u>See</u> <u>Kutak Rock</u>, 273 Kan. at 495, 44 P.3d at 416-17; <u>Gillespie</u>, 19 Kan. App.2d at 765, 876 P.2d at 201-02. On this record, Auto Club has not shown that plaintiff has not stated a plausible claim for relief against it. Accordingly, its motion to dismiss is overruled.

---

[16] In addition to breach of trust, it appears that plaintiff alleges facts which might support a plausible claim for breach of contract. <u>See</u> <u>Commercial Credit Corp. v. Harris</u>, 212 Kan. 310, 313, 510 P.2d 1322, 1325 (Kan. 1973) (to state breach of contract claim plaintiff must allege (1) execution and existence of contract; (2) sufficient consideration to support contract; (3) performance or willingness to perform in compliance with contract; and (4) defendant's breach of contract). Plaintiff states conclusively that Auto Club engaged in a "fraudulent" scheme to collect additional premiums, Doc. #15 ¶ 6, but he does not state with particularity the circumstances constituting fraud pursuant to Rule 9(b), Fed. R. Civ. P. Auto Club's motion does not address these claims, and the Court makes no rulings in this regard.

### III.    Motion For Judgment (Doc. #22) filed June 10, 2010.

Plaintiff seeks judgment against Auto Club and Bank of America.  In support of the motion, plaintiff states that he has attached to the complaint all evidence which he can provide and that he would prefer that the case "be judged by the court as soon as it is available."  Doc. #22.

To the extent plaintiff seeks summary judgment based on evidence attached to the complaint, his motion does not comply with Rule 56, Fed. R. Civ. P., and D. Kan. Rule 56.1.  In particular, plaintiff has not filed supporting memorandum which contains a concise statement of material facts as to which plaintiff contends no genuine issue exists.[17]  See D. Kan. Rule 56.1(a).  Moreover, plaintiff has not shown that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

To the extent plaintiff requests the Court to set the case for hearing, the Court finds that a trial on the merits is premature and that it should be overruled.

On this record, plaintiff's motion for judgment is overruled.

### IV.    Motion For Default Judgment (Doc. #25) filed July 7, 2010.

Plaintiff seeks default judgment against Auto Club and Bank of America on grounds that they have not responded to his claims.  Pursuant to Rule 55(a), Fed. R. Civ. P., the Clerk must enter default when a party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Pursuant to Rule 12(a), Fed. R. Civ. P., if a defendant has not waived service under Rule 4(d), Fed. R. Civ. P., it must serve an answer within 21 days after being

---

[17]      Pursuant to local rule, the facts must be numbered and refer with particularity as to those portions of the record upon which plaintiff relies.  See  D. Kan. Rule 56.1(a).

served with the summons and complaint.[18]  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i).[19]

As to plaintiff's request for default against Bank of America, the record contains no indication that plaintiff has served it with the summons and complaint.[20]  Accordingly, the time for Bank of America to respond has not begun to run.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).  Plaintiff therefore is not entitled to an entry of default against Bank of America.

As to plaintiff's request for default against Auto Club, the record indicates that on or about March 8, 2010, plaintiff served the summons and petition by certified United States mail on AAA Auto Family Insurance Company.  <u>See</u> exhibits 2 and 3 to <u>Notice Of Removal</u> (Doc. #1).  On March 26, 2010, Auto Club filed a motion to dismiss plaintiff's claims.  <u>See</u> Doc. #8.  Pursuant to

---

[18]     Rule 4(d) sets forth a procedure for plaintiff to request a defendant to waive service under Rule 4(e), (f) or (h).  <u>See</u> Fed. R. Civ. P. 4(d).  If defendant timely waives service under Rule 4(d), it must serve an answer within 60 days after the request for waiver was sent within any judicial district of the United States, or within 90 days after it was sent to the defendant outside any judicial district of the United States.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(ii).

[19]     Rule 12(a)(1)(A) states as follows:

**(a) Time to Serve a Responsive Pleading.**

> ***(1) In General.*** Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>> (A) A defendant must serve an answer:
>>> (i) within 21 days after being served with the summons and complaint; or
>>> (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed. R. Civ. P. 12(a)(1)(A).

[20]     Plaintiff certified that he mailed a copy of the amended complaint to Bank of America.  <u>See</u> Doc. #15 at 4.  As discussed below, said action does not constitute sufficient service of the summons and complaint under Rule 4, Fed. R. Civ. P.

Rule 12(a)(4), that filing postponed the time for Auto Club to respond to 14 days after notice of the Court's ruling on the motion. <u>See</u> Fed. R. Civ. P. 12(a)(4).[21]

On May 5, 2010, the Court granted plaintiff leave to file an amended complaint, <u>see</u> Doc. #13., and on May 11, 2010, plaintiff filed an amended complaint. <u>See</u> Doc. #15. Under Rule 15(a)(3), Fed. R. Civ. P., Auto Club had 14 days after receiving service to respond to the amended complaint.[22] <u>See</u> Fed. R. Civ. P. 15(a)(3).[23] On May 19, 2010, Auto Club filed a motion to dismiss the amended complaint. <u>See</u> Doc. #18. Pursuant to Rule 12(a)(4), that filing postponed the time for Auto Club to respond to the amended complaint to 14 days after notice of the Court's ruling on the motion to dismiss. <u>See</u> Fed. R. Civ. P. 12(a)(4). Because the Court did not rule on

---

[21] Rule 12(a)(4) states as follows:

***Effect of a Motion.*** Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4).

[22] Plaintiff certified that on May 10, 2010, he mailed a copy of the amended complaint to Auto Club.

[23] Rule 15(a)(3) states as follows:

**(3)** ***Time to Respond.*** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a)(3).

Auto Club's first or second motion to dismiss until today, the time for Auto Club to respond to the amended complaint had not yet begun to run. Accordingly, plaintiff is not entitled to an entry of default against Auto Club.

Based on the foregoing analysis, plaintiff's motion for default judgment against Auto Club and Bank of America is overruled.

## V. Bank Of America's Motion To Dismiss Plaintiff's Petition (Doc. #28) filed July 16, 2010.

Bank of America seeks to dismiss plaintiff's claims on grounds of (1) insufficient service of process; (2) failure to state a claim on which relief may be granted; and (3) failure to name the correct party. See Doc. #28. Plaintiff has not responded to the motion. Ordinarily, the Court will grant an uncontested motion without further notice. See D. Kan. Rule 7.4(b).[24] For this reason, and for reasons stated below, the Court will dismiss plaintiff's claims against Bank of America without prejudice.

Bank of America asserts that plaintiff has not properly served it pursuant to Rule 4, Fed. R. Civ. P. Under Rule 4, plaintiff must serve the summons and a copy of the amended complaint on defendant by either requesting a waiver of service under Rule 4(d) or obtaining service by one of the means described in Rule 4(e)-(k). See Fed. R. Civ. P. 4. According to Court records,

---

[24] Rule 7.4(b) states as follows:

**(b) Responsive Briefs or Memorandums.** Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.4.(b).

15

it appears that plaintiff has not requested a summons to serve on Bank of America. On the amended complaint, plaintiff certified that he mailed a copy of the filing to Bank of America, Inc. at 475 Cross Point Parkway, P.O. Box 9000, Getzville, New York. <u>See</u> Doc. #15 at 4. Said action does not constitute sufficient service of process under Rule 4, Fed. R. Civ. P.[25]

---

[25] With regard to serving a corporation, partnership or association, Rule 4(h) states as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Rule 4(h), Fed. R. Civ. P.

With regard to serving an individual, Rule 4(e)(1) states that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where th district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Kansas law provides for service on corporations as follows:

> service of process . . . must be made . . . [o]n a domestic or foreign corporation . . . by:
>> (1) Serving an officer, manager, partner or a resident, managing or general agent;
>> (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
>> (3) serving any agent authorized by appointment or by law to receive service of process, if the agent is one authorized by statute to receive service and the

(continued...)

16

Accordingly, the Court will dismiss without prejudice plaintiff's claims against Bank of America for insufficient service.

Bank of America asserts that plaintiff does not state a valid claim for breach of trust. Specifically, Bank of America asserts that plaintiff has not alleged facts sufficient to show that he had a trust account with Bank of America or that Bank of America was trustee of or mishandled any such account. See Doc. #28 at 5. The Court disagrees. As discussed above with respect to Auto Club's motion to dismiss for failure to state a claim, plaintiff has alleged facts sufficient to support a claim for breach of trust against Bank of America. Specifically, plaintiff alleges that by paying Auto Club additional, unauthorized homeowner insurance premiums, Bank of America mishandled his mortgage escrow deposit account. See Doc. #15 ¶¶ 1, 5. Construed broadly, said allegations state a plausible claims for breach of trust under Kansas law. See, e.g., Gillespie, 19 Kan. App.2d at 766-67, 876 P.2d at 202. On this record, the Court will not dismiss plaintiff's claims against Bank of America for failure to state a claim on which relief may be granted.

Bank of America asserts that plaintiff has incorrectly identified it as "Bank of America, Inc."

---

[25](...continued)
       statute so requires, by also mailing a copy to the defendant.
Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.

K.S.A. § 50-304(e) (as amended May 13, 2010).

New York law provides for service on corporations as follows:

Personal service upon corporation . . . shall be made by delivering the summons . . . to an officer, director,  managing or general agent . . . or to any other agent authorized by appointment or by law to receive service. * * *

N.Y. CPLR § 311(a)(1) (McKinney 1999). Alternatively, New York provides for service on corporations through acknowledgement of receipt of process under Section 312, N.Y. CPLR (McKinney 1999).

instead of "Bank of America, N.A."  Doc. #28 at 6-7.  Although Bank of America presents no evidence to support its assertion, the Court has no reason to doubt its accuracy.  Accordingly, the Court will dismiss without prejudice plaintiff's claims against Bank of America for failure to identify the correct party.

**VI.    Request For Default Judgment (Doc. #31) filed July 20, 2010.**

Plaintiff seeks default judgment on grounds that defendants have become "inactive." Doc. #31.  For reasons stated above with regard to plaintiff's motion for default judgment (Doc. #25), plaintiff's second motion for default judgment is overruled.

**VII.   Auto Club's Request For Sanctions (Doc. #39) filed July 27, 2010.**

Auto Club asks the Court to strike plaintiff's "latest" filings because they are "nonsensical, incoherent, slanderous, and have no place in this litigation."  Auto Club, however, does not provide the document numbers of the filings which it wishes the Court to strike.  As a result, it is difficult for the Court to determine which documents the motion addresses.  On this record, the Court will not strike plaintiff's filings.

Auto Club asks the Court to enter sanctions against plaintiff for "abusing the Court system by continually filing frivolous pleadings requiring Defendants to respond."  Id. at 3.  On August 9, 2010, Judge Waxse advised plaintiff that any future pleadings or motions which violate Rule 11, Fed. R. Civ. P., may result in sanctions against plaintiff.[26]  The Court wholeheartedly agrees.  The

---

[26]    Judge Waxse stated as follows:

Having reviewed *pro se* Plaintiff's numerous pleadings, the Court feels compelled to warn Plaintiff that Fed. R. Civ. P. 11 is applicable to pro se litigants and that if Plaintiff does not follow Fed. R. Civ. P. 11, he may incur sanctions ordered by this Court.  Under Fed. R. Civ. P. 11(b),

(continued...)

18

Court will not enter sanctions at this time, but plaintiff is hereby notified that failure to comply with the rulings of this Court, the Federal Rules of Civil Procedure and the local rules of this Court may result in sanctions up to and including dismissal with prejudice.

## VIII. Motion Of Suppression Of Evidence (Doc. #52) filed August 9, 2010.

The grounds which plaintiff states in support of his motion to suppress are difficult to comprehend.[27] He apparently takes issue with the fact that defense counsel did not remove a related case which he filed in state court. Plaintiff asks the Court to grant relief in both cases. Plaintiff cites

---

[26](...continued)

> By presenting to the court a pleading, written motion, or other paper . . an [] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

> "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." The sanctions imposed by the court for a Rule 11(b) violation "may include nonmonetary directives; [or] an order to pay a penalty into court."

> The Court advises Plaintiff that he should comply with Fed. R. Civ. P. 11 and that future pleadings or motions which violate Fed. R. Civ. P. 11 may result in sanctions against Plaintiff.

Doc. #51 at 3-4.

[27]     The Court discerns no evidence which plaintiff wishes to "suppress."

no authority for his assertion that counsel was required to remove both cases, or that the Court would have jurisdiction over his claims in the second case. On this record, plaintiff has not shown that he is entitled to relief. Accordingly, his motion to suppress evidence is overruled.

**IX.    Motion To Request Court Grant Relief And Rulings (Doc. #56) filed August 17, 2010.**

The motion which plaintiff filed on August 17, 2010, is incoherent. It states, <u>inter alia</u>, that plaintiff has no money to obtain justice or to pay sanctions and that defendants have made unjust efforts to foreclose on his house. Based on the following statement, it appears that plaintiff is requesting the Court to rule on his claims:

> This Plaintiff requests the Court to grant relief to make the pleadings clear it was accomplished. I thought the court had received all of my pleadings, which helped put the puzzle pieces together. The Honorable Court that Plaintiff trusts to make a just ruling. Otherwise, I would not have done all of the pleadings.

Doc. #56 ¶ 5.[28]

As previously discussed, plaintiff has not shown that he is entitled to judgment as a matter of law. To the extent plaintiff requests the Court to set the case for hearing, the Court again finds that a trial on the merits would be premature and that plaintiff's request should be overruled.

**X.    Motion For Relief And Ruling (Doc. #57) filed August 30, 2010.**

Plaintiff asks the Court to rule on his case and grant relief on his claims. <u>See</u> Doc. #57. As previously discussed, plaintiff has not shown that he is entitled to judgment as a matter of law. For reasons stated above with respect to plaintiff's motion for relief and rulings (Doc. #56), plaintiff's second motion for relief and ruling is overruled.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Dismiss And Memorandum</u>

---

[28]    Plaintiff also asks the Court to "adhere" to Judge Smith's memorandum and order. <u>Id.</u> ¶ 6. The record is unclear regarding the memorandum and order to which plaintiff refers.

In Support Of Motion To Dismiss (Doc. #8) which Auto Club filed March 26, 2010 be and hereby is **OVERRULED as moot.**

IT IS FURTHER ORDERED that Defendant's Motion To Dismiss Plaintiff's Petition And Amendment To Petition And Suggestions In Support (Doc. #18) which Auto Club filed May 19, 2010 be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that the Motion For Judgment (Doc. #22) which plaintiff filed June 10, 2010 be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that the untitled document (Doc. #25) which plaintiff filed July 7, 2010, which the Court construes as a motion for default judgment be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that Bank Of America's Motion To Dismiss Plaintiff's Petition (Doc. #28) filed July 16, 2010 be and hereby is **SUSTAINED.** The Court dismisses without prejudice plaintiff's claims against Bank of America, Inc.

IT IS FURTHER ORDERED that the Request For Default Judgment (Doc. #31) which plaintiff filed July 20, 2010 be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that the Response To Plaintiff's "Pleadings" And Request For Sanctions (Doc. #39) which Auto Club filed July 27, 2010 be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that the Motion Of Suppression Of Evidence (Doc. #52) which plaintiff filed August 9, 2010 be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that the Motion To Request Court Grant Relief And Rulings (Doc. #56) which plaintiff filed August 17, 2010 be and hereby is **OVERRULED.**

IT IS FURTHER ORDERED that plaintiff's motion for relief and ruling (Doc. #57) filed

August 30, 2010 be and hereby is **OVERRULED.**

Dated this 13th day of September, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United Stated District Judge
